**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 04-23127-CIV-COOKE/BANDSTRA**

TYCO FIRE & SECURITY, *et al.*,

    *Plaintiffs*,

v.

JESUS HERNANDEZ ALCOCER, *et al.*,

    *Defendants*.

_____/

**ORDER ON MONTIEL VILCHIS'S AND QUESADA SUAREZ'S**
**MOTIONS TO DISMISS BASED ON FORUM NON CONVENIENS**

This matter is before me on Defendants Luis Montiel Vilchis and Gonzalo Quesada Suarez's motions to dismiss based on *forum non conveniens*. *See* D.E. 93, 94. I am denying the motions as neither Defendant has demonstrated the existence of an adequate alternative forum, that the public and private factors weigh in favor of dismissal, or that Plaintiffs can reinstate their lawsuit in the alternative forum without undue inconvenience or prejudice.

*A.   BACKGROUND*

On December 15, 2004, Plaintiffs filed a complaint against Defendants, alleging causes of action for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, civil conspiracy , and defamation. After service was effectuated, Defendant Alert 24 failed to answer or otherwise respond to the complaint. On March 17, 2005, a clerk's default was entered against Alert 24. On April 8, 2005, Alert 24 moved to quash service of process, to vacate the clerk's entry of default, to dismiss for lack of personal jurisdiction, to dismiss for improper venue, and to dismiss for *forum non conveniens*. I granted the motion to dismiss based on *forum non*

*conveniens* and denied all other relief.  Plaintiffs appealed and, on March 23, 2007, the Eleventh Circuit issued its mandate vacating my dismissal and remanding the case.  Now that the case is again pending before me, Montiel Vilchis and Quesada Suarez have moved to dismiss the complaint based on *forum non conveniens*.

### *B.  DISCUSSION*

To prevail on a motion to dismiss based on *forum non conveniens*, the movant has the burden of demonstrating that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) plaintiff can reinstate the lawsuit in the alternative forum without undue inconvenience or prejudice. *Tyco Fire & Sec., LLC v. Hernandez Alcocer*, 218 F. App'x 860, 864 (11th Cir. 2007).

The first step is to determine "whether an adequate alternative forum exists which possesses jurisdiction over the whole case." *Id.* at 864-65 (citing *C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983)).  To succeed on this point, the defendant must show that the proposed alternative forum is both available and adequate. *Id.* at 865 (citing *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001)).  A defendant can demonstrate that the alternative forum is available by either showing that it is amenable to service of process in that forum, or alternatively, by consenting to the jurisdiction of the alternative forum. *Id.*  To show that an alternative forum will be adequate, the defendant must establish that the forum "could provide some relief for the plaintiffs' claims, even if 'the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum.'" *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981)).

After the adequacy and the availability of the alternative forum have been established, the court "must consider all relevant factors of private interest, weighing in the balance a strong

presumption against disturbing plaintiffs' initial forum choice." *Id.* (citing *La Seguridad*, 707 F.2d at 1307). If the balance of private interests are in equipoise or near equipoise, the court must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. *Id.* "[I]f the court determines that the balance of interests favors the alternative forum, then it must 'ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice." *Id.* (citing *La Seguridad*, 707 F.2d at 1307).

Montiel Vilchis and Quesada Suarez have not satisfied their burden in moving to dismiss this case based on *forum non conveniens*. Their respective two-page motions fail to address all the considerations outlined above. The two motions are identical and merely state that the case should be litigated in Mexico because all of the acts Plaintiffs allege occurred there. Montiel Vilchis and Quesada Suarez also assert that they do not have the economic resources to come to the United States to appear in the case and have no connection with this country. Lastly, they assert that I do not have jurisdiction over them. Montiel Vilchis and Quesada Suarez's allegations are insufficient for me to dismiss this case on the basis of *forum non conveniens*. If they wish to challenge my jurisdiction to entertain a lawsuit against them, they may file a motion to dismiss based on lack of personal jurisdiction.

### C.  CONCLUSION

For the foregoing reasons, I am denying Gonzalo Quesada Suarez' Motion to Dismiss for Forum Non Conveniens [D.E. 93] and Luis Montiel Vilchis' Motion to Dismiss for Forum Non Conveniens [D.E. 94].

**DONE AND ORDERED** in Miami, Florida, this 23rd day of September 2008.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge


cc:

All counsel of record

Luis Montiel Vilchis, *pro se*
Paseo de la Herradura # 385
Col. Parques de la Herradura, CP 52786
Huixquilucan, Edo de Mexico

Gonzalo Quesada Suarez, *pro se*
Bosque de Yuriria # 86
Colonia La Herradura
Municipio Hixquilucan, CP 52784
Estado de Mexico