UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 04-23127-CIV-COOKE/BANDSTRA

TYCO FIRE & SECURITY, *et al.*,

    *Plaintiffs*,

v.

JESUS HERNANDEZ ALCOCER, *et al.*,

    *Defendants*,

_____/

## ORDER GRANTING ALERT 24'S SECOND MOTION TO VACATE THE ENTRY OF DEFAULT

This matter is before me on Alert 24's second motion to vacate the entry of default [D.E. 79]. For the reasons stated below, the motion to vacate the entry of default is granted.

### *I. BACKGROUND*

Plaintiffs filed this case in December 2004, seeking damages against Defendants for alleged violations of 18 U.S.C. §§ 1961(c)(d), for violations of the Florida Criminal Practices Act, for civil conspiracy and defamation.

On January 27, 2005, a return of service was executed for Defendant Alert 24, stating that substitute service had been made on Paul Eichelberger ("Eichelberger"). On March 7, 2005, Plaintiffs moved for a clerk's default after Alert 24 failed to respond to Plaintiffs' complaint. The entry of default was entered against Alert 24 on March 17, 2005. On April 8, 2005, Alert 24 moved to quash service of process, to vacate the clerk's default, to dismiss for lack of jurisdiction, to dismiss for improper venue and to dismiss for inconvenience. I denied Alert 24's motion in part, but

granted its motion to dismiss for *forum non conveniens*. Plaintiffs appealed this order, and on March 23, 2007 the Eleventh Circuit issued its mandate vacating my dismissal. On August 2, 2007, I directed Alert 24 to file an updated motion to vacate the clerk's default. Accordingly, on August 30, 2007, Alert 24 filed its second motion to vacate the entry of default. (Alert 24's Second Mot. to vacate entry of default).

## II. LEGAL STANDARD

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[f]or good cause shown the court may set aside an entry of default." In assessing good cause, a court should consider the following factors: (1) whether the default was the result of culpable or willful conduct on the part of defaulting party; (2) whether setting aside the default will result in prejudice to the plaintiff; and (3) whether the defaulting party has a meritorious defense. *Compania Interamericana Exp.-Imp., S.A. v. Compania Domenicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Other factors may be taken into account. Specifically, "courts have examined [ ] whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* at 951. (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Compania Interamericana* , 88 F.3d at 951 (citing *Dierschke*, 975 F.2d 184). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 95-52. (Citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194-95 (6th Cir. 1986)).

Finally, it should be noted that the standard to be applied to set aside an entry of default must be distinguished from the standard applied to set aside a default judgement. In particular, the "excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, INC.*, 896 F.2d 524, 528 (11th Cir. 1990)(citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988)).

### *III. DISCUSSION*

In determining whether Alert 24 has shown good cause, I will evaluate the factors outlined above. The first factor is whether the default was the result of culpable or willful conduct on the part of defaulting party.

**A.   Alert 24's Willful or Culpable Conduct**

In support of its Second Motion to Vacate the Entry of Default, Alert 24 filed the affidavit of Adelina Federico ("Federico"), Alert 24's sole owner and principal. Federico states in her sworn affidavit that she had no actual knowledge of this lawsuit until after the clerk's default had been entered. (Alert 24's Second Mot. to vacate entry of default 4, 10). Federico also asserts that she purchased all of the interest in Alert 24 from Luis Montiel and Eichelberger on June 19, 2002, and Eichelberger's participation in the affairs and management of Alert 24 ended at that time. Federico further states that she believed that the change in registered agent from Eichelberger, the former owner, to herself had been effectuated at the time she purchased the company. Federico declares that she was unaware of the lawsuit prior to the entry of default, and she "hired an attorney and caused several motions to be filed designed to defend against the plaintiffs' allegations" as soon as she became aware of the default. (Alert 24's Second Mot. to vacate entry of default 4, 8; 4, 18).

3

Plaintiffs, on the other hand, argue that Federico's declarations should not be credited, since Eichelberger acted on behalf of Alert 24 on at least three occasions. Plaintiffs contend that Eichelberger filed a Texas Franchise Tax Public Information Report on June 19, 2003, *i.e.* about one year after the sale. (Pls.' Mem. in Opp'n to Alert 24's Second Mot. to vacate entry of default 6, 12). Then, on April 8, 2005, he filed an Application for Reinstatement and Request to Set Aside Revocation or Forfeiture on behalf of Alert 24. (Pls.' Mem. in Opp'n to Alert 24's Second Mot. to vacate entry of default 6, 15). Finally, on October 7, 2005, he filed a Texas Franchise Tax Public Information Report on behalf of Alert 24. (Pls.' Mem. in Opp'n to Alert 24's Second Mot. to vacate entry of default 6, 19). For Plaintiffs, "the very fact that Eichelberger made these filings demonstrates his continued, active connection with Alert 24 and Federico," and Federico's declarations show a "willful and consistent disregard for the integrity of the judicial process." (Pls.' Mem. in Opp'n to Alert 24's Second Mot. to vacate entry of default 7, 12; 7, 15).

Alert 24, however, has presented convincing explanations justifying Eichelberger's limited interventions over the years following the sale. First, "while an agreement for sale was reached in 2002, the papers to consummate that agreement were not executed and filed until 2003, necessitating the continued filing of ministerial paperwork." (Alert 24's Resp. to Pls.' Mem. 5, 12). Alert 24 also acknowledges that Eichelberger filed an Application for Reinstatement, but claims that this was done only because his former partner at Alert 24 asked him to help reinstate the company. (Alert 24's Resp. to Pls.' Mem. 4, 1). With regard to the October 2005 Texas Tax Report, the record shows that Alert 24 had already filed a response to Plaintiffs' Complaint at that time. Therefore, Eichelberger's last intervention cannot support Plaintiffs' assertions that Eichelberger was associated with Alert 24 before its first motion to vacate the entry of default. I do not find that Plaintiffs' allegations are

4

sufficient to discredit Federico's declaration that she had no actual knowledge of the lawsuit before the clerk's entry of default.

Accordingly, I do not find that the entry of default was the result of Alert 24's culpable or willful conduct. Alert 24's failure to appoint a registered agent was certainly negligent, but this failure was promptly cured.[1] Therefore, it did not amount to a reckless or willful conduct. The Eleventh Circuit has repeatedly acknowledged that most failures to follow court orders are not willful, as long as the defendant was not given ample opportunity to comply and failed to do so. *Compania Interamericana*, 88 F.3d at 952; *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984); *Katz v. MRT*, LLC., 2008 WL 2368210, *3 (S.D.Fla. June 10, 2008).

I now turn to the analysis of Plaintiffs prejudice, the second criteria.

### B.      A Prejudice to Plaintiffs

The fact that setting aside an entry of default would deprive a plaintiff from a quick resolution of the case "is not [ ] the type of prejudice relevant to the Court's inquiry." *Sobkowski v. Wyeth, Inc.*, 2004 WL 3569703, *2 (M.D.Fla. June 4, 2004). "Rather the prejudice to be considered [ ] is the effect of setting aside the default, if any, on Plaintiff's ability to prosecute the case on the merits." *Id.* at *2. Plaintiffs did not present any argument that their ability to litigate would be hampered if the entry of default is set aside. I acknowledge that this suit has been pending for four years, but Plaintiffs do not allege that this delay has affected their ability to prosecute the case on the merits. Therefore, I do not find that Plaintiffs will suffer prejudice if the entry of default

---

[1] Plaintiffs cite *A.B. Carter*, pointing out that other Circuits have found that a corporation "failing to take steps to ensure that it is notified of claims pending against it, is guilty of inexcusable neglect." *A.B. Carter, Inc. v. Fabric Res. Int'l, LTD.*, 1999 WL 33229114, *4 (W.D.N.C. April 14, 1999). However, we cannot freely transfer an analysis made under the standard of Rule 60(b) of the Federal Rules of Civil Procedure to an analysis to set aside an entry of default under Rule 55(c).

is vacated.

### C. Alert 24's Meritorious Defense

In assessing a defendant's meritorious defense, "the likelihood of success is not the measure. [Defendant's] allegations are meritorious if they contain even a hint of suggestion, which, if proven at trial, would constitute a complete defense." *Sobkowski*, 2004 WL 3569703 at *3. Alert 24 has put forth the affirmative defenses of truth and qualified immunity, and has also denied Plaintiff's other allegations, including specifically denying that it made any threatening phone calls or sent any threatening emails. The defenses argued by Alert 24, while generalized, suggest that Alert 24 has a meritorious defense.

Alert's 24 has therefore successfully shown good cause.

### *IV. CONCLUSION*

For the reasons set forth above, Alert 24's second motion to vacate entry of default [D.E. 79] is granted.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of March 2009.

_____
MARCIA G. COOKE
United States District Judge